UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUMBERTO ALONSO** | **CIVIL ACTION** |
| **VERSUS** | |
| **KENNETH A. MAYEAUX** | **NO. 19-00049-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Defendant's Motion To Dismiss Complaint Pursuant To Rule 12(b)(1) And (6) (Doc. 14). Plaintiff, proceeding *pro se*, opposes Defendant's Motion. (Doc. 15). For reasons to follow, the Court determines that Plaintiff fails to allege a plausible federal claim establishing federal question jurisdiction under 28 U.S.C. § 1331, or an amount in controversy establishing diversity jurisdiction under 28 U.S.C. § 1332. As such, the Court lacks jurisdiction over this dispute, and Defendant's Motion will be granted. Plaintiff's action will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1).

### I. ALLEGED FACTS

This action arises from Plaintiff's efforts to obtain private counsel to represent him in his immigration proceedings. For present purposes, the Court accepts the following facts as true.

Plaintiff, a Texas resident, alleges that in May 2017, he retained non-party "Mrs. Nancy Peña from the Salinas Law Firm in Pharr[,] Texas" to provide "legal assistance for his immigration case … and paid her a total of $2,650.00 in three installments." (Doc. 4-1 at 2). In turn, Mrs. Peña referred Plaintiff's case to

Defendant, a local Baton Rouge attorney. (*Id.*). Defendant made an initial appearance on Plaintiff's behalf, and requested a continuance of Plaintiff's "master hearing." (*Id.* at 3). Thereafter, however, Defendant filed "a Motion to Withdraw as counsel," leaving Plaintiff without "a legal representative." (*Id.* at 3). Lacking an attorney, and unable "to properly defend [his] case," Plaintiff ultimately lost his bid for "derivative citizenship." (*Id.* at 3).

## II.  RELEVANT PROCEDURAL HISTORY

Based on facts outlined above, Plaintiff filed his original *pro se* complaint on November 14, 2018. (*See* Doc. 1). In sum, Plaintiff alleges that Defendant "failed to deliver legal services although he received payment," and requests a "refund of the legal fees" paid to Defendant. (Doc. 4 at 4). Plaintiff also seeks additional "damages that incurred [sic] due to [Defendant's] negligence and unprofessional behavior," but does not provide any detail regarding what these additional damages may be. (*See id.*).

Notably, Plaintiff's Complaint does *not* specify a basis for the Court's jurisdiction. It is, however, drafted on the standard form issued to prisoners seeking to pursue constitutional claims under The Civil Right Act, 42 U.S.C. § 1983.[1] (*See id.*; *see also* Doc. 4).

On March 16, 2020, Defendant filed the instant Motion seeking dismissal of Plaintiff's action on either of two bases. (Doc. 14). First, Defendant argues that the

---

[1] At the time of filing, Plaintiff was an inmate incarcerated at the Adams County Correctional Center in Washington, Mississippi. Plaintiff has since been released from custody and currently resides in Texas. (Doc. 7).

2

Court lacks subject matter jurisdiction because Plaintiff's Complaint does not state a federal claim:

> [Defendant] is a Louisiana attorney practicing in Louisiana. He is not a governmental actor and there are no allegations in the suit against any governmental actors. Instead, the suit alleges a state law legal malpractice claim. Federal question jurisdiction is not present under the facts and allegations of this case.

(Doc. 14-1 at 4). Alternatively, Defendant contends that any state law malpractice claim Plaintiff may wish to pursue is untimely, and perempted by La. R.S. § 9:5605. (*Id.* at 5-6).

### III. LAW AND ANALYSIS

#### A. The Court Lacks Jurisdiction Over Plaintiff's Action

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir. 2012). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.*

> The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Considering Rule 12(b)(1) motions first prevents a court without jurisdiction from prematurely dismissing a case with prejudice.

*Id.* (quotation marks and citations omitted).

##### i. Plaintiff fails to allege a plausible federal claim establishing federal question jurisdiction under 28 U.S.C. § 1331

Federal question jurisdiction under 28 U.S.C. § 1331 requires a plausible federal claim appearing on the face of the complaint. *See Young v. Hosemann*, 598

3

F.3d 184, 188 (5th Cir. 2010). Stated differently, jurisdiction is lacking when the alleged federal claim is "frivolous or insubstantial …, *i.e.*, a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *See id.* (quotation marks and alterations omitted); *e.g.*, *Willis v. McCoy*, 1 F.3d 1237, 1993 WL 310295 at *1 (5th Cir. 1993) (per curiam) (affirming *sua sponte* dismissal of plaintiff's libel action for lack of federal question jurisdiction).

While the court is aware that Plaintiff is proceeding *pro se,* even a cursory review reveals that he has failed to state a plausible federal claim. First, to succeed in an action under § 1983, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Liberally construed, Plaintiff's complaint alleges legal malpractice, negligence, and possibly fraud. These are each quintessentially state law claims, and are not sufficient to state a constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)

Further, even if Plaintiff could show a cognizable deprivation of a constitutional right, he must also show that any such deprivation was committed under color of state law. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49–50. This dispute exclusively involves the private activities of a client and his attorney; there is no allegation whatsoever establishing state action, or even conduct "fairly attributable to the State." *Id.* at 50. For present purposes, the

4

result is the same: Plaintiff's § 1983 claim fails, and the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. *See id.* (statutory authorization of private insurers' activities failed to establish under-color-of-state-law element).

> ii. **Plaintiff fails to allege a sufficient amount in controversy establishing diversity jurisdiction under 28 U.S.C. § 1332**

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the plaintiff and defendant are "citizens of different states," and that the amount in controversy exceeds $75,000. Here, it appears from the Complaint that Plaintiff is a citizen of Texas, and that Defendant is a citizen of Louisiana. Thus, diversity is satisfied.

On the other hand, the amount in controversy falls well short of the minimum $75,000 threshold. Plaintiff seeks recovery of legal fees totaling $2,650.00, plus *unspecified* damages incurred as a result of Defendant's "negligence and unprofessional behavior." (Doc. 4 at 4). Plaintiff's Complaint does not provide any additional detail regarding the basis of these unspecified damages, and his opposition to Defendant's Motion does not address the issue, much less set forth evidence establishing additional damages. (*See generally* Doc. 15). As such, it is not at all apparent that Plaintiff's claims exceed the jurisdictional amount, and the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." (footnotes and citations omitted)).

5

Lacking any basis to assert jurisdiction over this dispute, the Court must dismiss Plaintiff's Complaint, allowing Plaintiff to pursue his state law claims in state court.

### B. The Court Does Not Address Defendant's Alternative Argument that Plaintiff's State Law Claims Are Untimely

Because the Court determines that it lacks subject matter jurisdiction, it does not reach Defendant's alternative argument that Plaintiff's action is time-barred. *See In re FEMA Trailer*, 668 F.3d at 286–87.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion To Dismiss Complaint Pursuant To Rule 12(b)(1) And (6) (Doc. 14) is **GRANTED**, and that Plaintiff's action is **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Baton Rouge, Louisiana, this 10th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**